# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ulises Gomez-Garcia, | No. CV-26-02290-PHX-RM (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| David R Rivas, et al., | |
| Respondents. | |

Petitioner challenges his immigration detention under 28 U.S.C. § 2241, arguing that his detention without an individualized finding that he is a flight risk or a danger to the community violates the Administrative Procedure Act and the Due Process Clause of the Fifth Amendment.  (Doc. 1.)  On April 6, 2026, the Court granted Petitioner's Motion for Limited Discovery and ordered Respondents to respond to the Petition.  (Doc. 7.)[1]  Upon review of Respondents' Response (Doc. 14), the Court will grant Petitioner's § 2241 Petition.

## I.     Background

Petitioner is a citizen of Mexico who entered the United States in 2008 without inspection, admission, or parole.  (Doc. 1 at 2; Doc. 14 at 1.)  He was detained in 2017 and

---

[1] Petitioner has filed a Motion for Extension of Time to File Reply (Doc. 15), in which he avers that Respondents failed to provide the documentation ordered by the Court.  In the Motion, Petitioner asks the Court to either order Respondents to provide the documentation and extend the time for filing a Reply, or grant the § 2241 Petition.  (*Id.*)  Upon review of the Declaration attached to Respondents' Response, and in light of Respondents' failure to provide other documentation, the Court will grant the Petition based on the current record and will deny as moot Petitioner's Motion for Extension of Time.

released on bond with conditions. (Doc. 14 at 1-2; Doc. 14-1 at 2.) On June 26, 2019, an Immigration Judge denied Petitioner's application for cancellation of removal and granted voluntary departure. (Doc. 14 at 2; Doc. 14-1 at 3.) The BIA dismissed Petitioner's appeal on October 7, 2022, and Petitioner filed a Petition for Review with the Ninth Circuit Court of Appeals. (Doc. 14 at 3; Doc. 14-1 at 4.) The Ninth Circuit ordered a stay of removal on November 8, 2022. (Doc. 14-1 at 5.) Based on the record in this case, it appears the Ninth Circuit proceedings are ongoing.

Immigration and Customs Enforcement ("ICE") re-detained Petitioner in January 2025, and he has been continuously detained since. (Doc. 1 at 2; Doc. 14 at 3; Doc. 14-1 at 2.)[2] Petitioner avers that he was not provided with any process or an opportunity to be heard prior to his arrest and re-detention. (Doc. 1 at 3.) Petitioner argues that he is unlawfully being detained without any individualized reason or sufficient changed circumstances. (*Id.* at 4.) He also argues that his detention violates *Zadyvdas v. Davis*, 533 U.S. 678 (2001), because there is no significant likelihood that he will be removed in the reasonably foreseeable future. (Doc. 1 at 5.)

## II.    *Zadvydas*

After the entry of a final removal order, there is a 90-day period during which the alien ordered removed must be detained. 8 U.S.C. § 1231(a)(2)(A). If removal does not occur during the 90-day period, further detention is statutorily authorized. 8 U.S.C. § 1231(a)(6). In *Zadvydas*, the Court held that detention beyond the 90-day removal period is presumptively reasonable for 6 months; if an alien shows after the conclusion of the 6-month period that there is no significant likelihood of his removal in the reasonably foreseeable future, however, he should be released. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).[3] The Court's holding in *Zadvydas* is confined to § 1231(a)(6). *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018).

---

[2] Respondents aver that Petitioner was re-detained on January 26, 2025. (Doc. 14 at 3; Doc. 14-1 at 2.) Petitioner avers that he was re-detained on January 16, 2025, during an ICE check-in. (Doc. 1 at 2.)
[3] The 6-month presumptively reasonable period includes the 90-day statutory removal period. *Ma v. Ashcroft*, 257 F.3d 1095, 1102 n.5 (9th Cir. 2001).

Here, there is no indication in the record that Petitioner has a final order of removal and is being detained pursuant to § 1231(a)(6).  Accordingly, *Zadvydas* is inapplicable.

### III.    Due Process

Respondents argue that Petitioner is subject to mandatory detention as an applicant for admission under 8 U.S.C. § 1225(b).  (Doc. 14 at 4-10.)  As Respondents concede, the majority of district courts, including this one, have rejected Respondents' position that § 1225(b) applies to immigrants like Petitioner who entered the United States without inspection and have resided in the United States for years or decades.  *See, e.g.*, *Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. 2025); *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 494, 506 (S.D.N.Y. 2025) (listing decisions). On December 11, 2025, the Seventh Circuit concluded that the Department of Homeland Security and ICE were "not likely to succeed on the merits of their argument" regarding "mandatory detention under § 1225(b)(2)(A)."  *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

Furthermore, as Respondents concede, Petitioner was released on bond prior to his re-detention in January 2025.  (Doc. 14 at 2-3; Doc. 14-1 at 2, 5.)  Respondents do not argue that Petitioner was provided any hearing prior to (or even after) his arrest and re-detention, and the Court considers any such argument waived.  *See United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997) ("[B]ecause this argument was not coherently developed in his briefs on appeal, we deem it to have been abandoned.").

Many district courts have held that individuals like Petitioner who were released from immigration detention are entitled to a pre-deprivation hearing prior to any re-arrest or re-detention as a matter of due process.  *See*, *e.g.*, *Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021 (N.D. Cal. 2025) (holding that petitioner released on bond had protected liberty interest in continued release); *Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting petitioner's temporary restraining order for immediate release from custody where petitioner was released on an order of release on recognizance and later re-detained without a bond hearing); *Rico-Tapia v. Smith*, 806 F. Supp. 3d 1166, 1182-

84 (D. Haw. 2025) (same); *Aguirre Solis v. Noem*, 2:26-cv-00053-RFB-EJY, 2026 WL 396432, at *2, *5-8 (D. Nev. Feb. 12, 2026) (concluding petitioner's re-detention after release on recognizance without a hearing and opportunity for release was unlawful under the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment and ordering his immediate release from detention).

The three-pronged test articulated in *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976)—which Respondents do not address—explains "[t]he fundamental requirement of [procedural] due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). To determine whether procedural protections satisfy the Due Process Clause, courts consider three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 335.

As to the first factor, being free from physical detention is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529-30 (2004) (directing courts, when assessing the first *Mathews* factor, to consider only the petitioner's interests at stake in ongoing detention without consideration of the respondents' justifications for the detention). An individual's interest in being free from detention "lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause.")); *see also Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process"). The first *Mathews* factor favors Petitioner.

As to the second factor, "the risk of an erroneous deprivation [of liberty] is high" where, as here, "[the Petitioner] has not received any bond or custody redetermination

- 4 -

hearing." *Dushyant v. Albarran*, No. 1:26-cv-00502-JLT-SKO (HC), 2026 WL 682887, at *4 (E.D. Cal. Mar. 11, 2026), *report & recommendation adopted in relevant part*, 2026 WL 785831 (E.D. Cal. Mar. 20, 2026) (ordering immediate release). "Civil immigration detention, which is 'nonpunitive in purpose and effect[,]' is justified when a noncitizen presents a risk of flight or danger to the community." *Id.* (citing *Zadvydas*, 533 U.S. at 690; *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023)). Based on the record in this case, no neutral arbiter has determined that Petitioner is a flight risk or a danger to the community.

Respondents contend that Petitioner was re-arrested because he violated the terms of his release by failing to charge the battery in his GPS monitor and "failing" several home visits. (Doc. 14 at 2-3.) But Respondents have provided no explanation for how Petitioner "failed" his home visits, so there is no way to determine whether such failures justify his re-detention. Furthermore, the most recent violation cited by Respondents allegedly occurred in 2021, but Petitioner was not re-detained until 2025. (*Id.* at 3.) There is no basis to conclude the alleged violations were the cause of Petitioner's re-detention.

"Given the absence of any procedural safeguards to determine if [Petitioner's] detention was justified, 'the probable value of additional procedural safeguards, i.e., a bond hearing, is high.'" *Id.* (citation omitted). The Court concludes there is a risk of erroneous deprivation if no facts are provided to justify the re-detention of individuals without a neutral decisionmaker first evaluating whether re-detention is warranted. The second *Mathews* factor weighs in favor of Petitioner.

Finally, as to the third *Mathews* factor, "[i]f the government wishes to re-arrest [a petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). Further, detention hearings in immigration courts are commonplace and impose minimal cost. *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025). And Respondents' interest here is even lower because Petitioner was previously released on bond after immigration officials necessarily determined he was not a flight risk or danger

to the community.  *See Pinchi v. Noem*, No. 25-cv-05632-RMI (RFL), 2025 WL 1853763, at *2 (N.D. Cal. July 4, 2025); *see also Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. July 11, 2025) ("On balance, the *Mathews* factors show that petitioner is entitled to process, and that process should have been provided before petitioner was detained."); *Telenchana v. Hermosillo*, 2:26-cv-00363-GJL, 2026 WL 696806, at *7-9 (W.D. Wash. Mar. 12, 2026) (concluding that re-detention of petitioners who had been released on their own recognizance violated due process under the *Mathews* framework because petitioners had "established liberty interests," "the absence of pre-deprivation procedures in their re-detentions created an unacceptably high risk of erroneous deprivations," and "the governmental interest in their re-detention without adequate process [was] minimal or non-existent").

The Court finds that the *Mathews* factors weigh in favor of determining Petitioner was entitled to a hearing before he was re-detained.  The Court finds that immediate release, rather than requiring a bond hearing, is the appropriate remedy.  *See Ruiz v. Noem*, No. 3:25-CV-03536-RBM-BJW, 2025 WL 3719888, at *2 (S.D. Cal. Dec. 23, 2025) ("[G]iven Respondents' 'weighty' interest in the 'efficient administration of the immigration laws,' *Landon v. Plasencia*, 459 U.S. 21, 34 (1982), it does not make sense to require Respondents to set a new bond hearing before a potentially new immigration judge just to duplicate the same efforts taken at the [previous] hearing."); *Ramirez Tesara v. Wamsley*, No. C25-1723-KKE-TLF, 2025 WL 3288295, at *6 (W.D. Wash. Nov. 25, 2025) (directing immigration detainee's immediate release after he was re-detained following his parole's expiration); *see also Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release").[4]

. . . .

---

[4] Respondents do not raise any argument concerning the entry fiction doctrine, and the Court considers any such argument waived.  *See Kimble*, 107 F.3d at 715 n.2.  In addition, the Court finds persuasive the reasoning of *D.V.D. v. United States Department of Homeland Security*, No. CV 25-10676-BEM, 2026 WL 521557, at *28–31 (D. Mass. Feb. 25, 2026), regarding the limited application of the entry fiction doctrine to the procedural rights of noncitizens regarding admission, rather than to due process challenges to detention.

**IT IS ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to his claim that his re-detention violated due process, and the remainder of the Petition is denied as moot.

2. Respondents must **immediately** release Petitioner from custody under the same conditions that existed before his re-detention.

3. Respondents must file a notice of compliance within **two (2) business days** of Petitioner's release.

4. Any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 15th day of May, 2026.

_____
Honorable Rosemary Márquez
United States District Judge